bɔŭ



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelburne H. Glover
County Attorney, Marion County
Jefferson, Texas

Dear Sir:

Opinion No. 0-4141

Re: Does a court or jury have the
right, as the law now stands
to suspend or revoke the driver's
license of a person who is con-
victed of the misdemeanor of
driving while intoxicated?

We quote from your recent letter asking our opinion on the question as stated above:

"In a recent case in our County Court, one Hill-ard Davis, pleaded guilty of driving while intoxicated, and was fined $50.00 and costs, and his Driver's License suspended for a period of six months, the Court taking the view that the suspension was mandatory under the statute.

"From a review of the authorities, I have conclud-ed that there is no law presently in force permitting the suspension of a Driver's License because of a con-viction under the drunk-driving law.

"Under Article 802a, Penal Code, Acts 1931, 42nd Leg., P. 266, Ch. 162, Sec. 1, it is provided that in all cases where a defendant is convicted of driving a motor vehicle while under the influence of intoxicating liquors or narcotics, the Jury at the same time shall add to their verdict the length of time that the defend-ant shall be prevented from driving any motor vehicle on the highways of this State, not to exceed two years. The language immediately above is quoted from Article 802a, P. C., 1925.

"Article 6687a, Acts of the 44th Legislature, re-pealed Article 802a of the Penal Code. Then, by House

Bill No. 20, Acts 1941, 47th Leg., Sec. 45, Article 6687a was repealed.

"I take the position that the repeal of Article 802a by Article 6687a, R. S., 1925, had the effect of destroying Article 802a, Penal Code, and it could not be revived except by a subsequent act of the Legislature.

"House Bill 73 of the last Legislature reduced the penalty for drunk-driving as to the first offense to a misdemeanor. Article 802a of the Penal Code was not referred to.

"It is my conclusion that a Court or Jury under the law, as it now stands, has no power to interfere with a person's right to drive simply because of his conviction for violating the law."

We think you must have overlooked the provisions of Article IV, Section 24, Subdivision 2 of House Bill No. 20, as enacted at the recent regular session of the Forty-seventh Legislature. See page 253, Vol. 4, 1941 Vernon's Texas Session Law Service. The pertinent language reads as follows:

"Sec. 24. Automatic suspension of license. (a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

" * * *

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

" * * *

"(b) The suspension above provided shall in the first instance be for a period of six (6) months. In event any license shall be suspended under the provision of this Section for a second time, said second suspension shall be for a period of one (1) year.

" * * *. "

Honorable Shelburne H. Glover, Page 3

The above enactment, having received the required number of votes in each House of the Legislature, and approved by the Governor, became effective on April 23, 1941.

While it is true that Article 802, Penal Code, has been amended several times, and the last amendment made the first offense a misdemeanor, at all times since the last codification of the Penal Code in 1925 we have had a prohibition against one driving or operating a motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor. (See Penal Code, 1925, Rev., Art. 802; Acts 1935, 44th Leg., 1st C. S. Ch. 424, p. 1654; Acts 1937, 45th Leg., Reg. Ses. Ch. 60, p. 108).

In 1931 the Forty-second Legislature passed the first act authorizing the suspension of driving privileges. (Acts 1931, 42nd Leg., Reg. Ses. Ch. 162, p. 268.) In 1935, the Texas Driver's License Law was enacted; (Acts 1935, 44th Leg., 2nd C. S., Ch. 466, p. 1785) and Section 16 provided that the license of any person should be automatically suspended or revoked upon final conviction for "driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs." It also made such revocation or suspension effective for a period of six (6) months.

The Court of Criminal Appeals held that the Texas Driver's License Law, supra, impliedly repealed the statute passed by the Forty-second Legislature. See Harris v. State (Tex. Cr. App.) 109 S. W. (2d) 201, Ibid, 109 S. W. (2d) 203; Reeves v. State (Tex. Cr. App.) 109 S. W. (2d) 1051; Chaney v. State (Tex. Cr. App.) 112 S. W. (2d) 464. Saying the six months suspension was automatic, many cases were reversed by the appellate court wherein juries had assessed a suspension for longer periods than six months under the old law.

While the above Texas Driver's License Law (Acts 1935, 44th Leg., Ch. 466, p. 1785) was amended in 1937 (Acts 1937, 45th Leg., ch. 369, p. 752), there was no change in Section 16 thereof; and same stood as originally passed until both acts were specifically repealed by Section 45 of House Bill 20 of the Forty-seventh Legislature.

Honorable Shelburne H. Clover, Page 4

However, as stated above, the quoted language (Sec. 24, H. B. No. 20, supra) was enacted in the same bill.

As the law now stands, upon a first conviction of "driving while drunk" the six month's suspension of the driver's license is automatic and mandatory. The jury has nothing to do in the premises; if they find defendant guilty and render a verdict accordingly, the court's duty is prescribed by Section 25(a) of said House Bill No. 20:

"Sec. 25. When court to report convictions.
(a) Whenever any person is convicted of any offense for which this Act makes automatic the suspension of the operator's, commercial operator's, or chauffeur's license of such person, the court in which such conviction is had shall require the surrender to it of all operators', commercial operators', and chauffeurs' licenses then held by the person so convicted and the clerk of said court shall thereupon forward the same together with a record of such conviction to the Department, within ten (10) days from the date of conviction."

Trusting that you clearly understand the above, we are

Yours very truly

APPROVED OCT 29, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

BW:ej



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN